# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Case No. 14-cr-00337-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAFAEL RAMOS,

    Defendant/Movant.

---

## ORDER DENYING DEFENDANT'S MOTION TO VACATE
---

This matter is before the Court on Defendant Rafael Ramos's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. # 88.) For the following reasons, the Court denies the motion.

## I. BACKGROUND

On November 10, 2005, Defendant pled guilty to Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (Doc. # 48.) In the plea agreement, the parties set forth the following estimate of the sentencing range called for by the United States Sentencing Guidelines:

    (A) Base offense level 20;

    (B) Two-level increase for an offense involving three or more firearms, resulting in a level 22;

    (C) Four-level increase for a firearm with an obliterated serial number, resulting in a level 26;

1

> (D) Three-level downward adjustment for timely acceptance
> of responsibility, resulting in a level 23;
>
> (E) Tentative criminal history category of V.

(Doc. # 48 at 8.)

The parties found that an offense level of 23 and the tentative criminal history category of V resulted in an advisory guideline range of 84–105 months. (*Id*.)

However, the parties acknowledged that although the Court would consider their estimate, it was not bound by the position of any party and would ultimately make its own determination of the guideline range. (*Id*.) The Court calculated Defendant's criminal history category and guideline range consistently with the estimates in the plea agreement and sentenced Defendant to 84 months' imprisonment. (Doc. # 71 at 2.)

On June 20, 2016, Defendant, acting *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. # 73.) Defendant argued for an adjustment of his sentence based on the Supreme Court's decision in *United States v. Johnson,* 135 S. Ct. 2551 (2015). The Government responded on August 22, 2016, contending that the Court should deny Defendant's motion because (1) *Johnson* did not apply to his case; (2) his claim was procedurally defaulted; and (3) he was not sentenced under the residual clause of the Armed Career Criminal Act. (Doc. # 79 at 2.) On November 21, 2016, approximately three months after the Government's Response, Defendant moved to withdraw his motion, stating: "Defendant has … read the Government's Response to Motion to Reduce Sentence and has become convinced that in fact the Johnson decision does not apply to his case." (Doc. # 86.) On November

22, 2016, the Court granted the Motion and withdrew Defendant's Motion to Correct Sentence under 28 U.S.C. § 2255. (Doc. # 87.)

Currently before the Court is another 28 U.S.C. § 2255 motion filed *pro se* by Defendant on January 8, 2018. (Doc. # 88.) Defendant seeks adjustment of his sentence based on ineffective counsel. (*Id.*) The Government responded to the motion on January 25, 2018 (Doc. # 91), and Defendant replied on February 21, 2018. (Doc. # 92.)

## II. DISCUSSION

### A. STANDARD OF REVIEW

When a defendant is proceeding *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Though his pleadings are entitled to liberal construction, a *pro se* litigant is still bound by the rules of federal and appellate procedure. *Abdelsamed v. United States*, 13 F. App'x. 883, 884 (10th Cir. 2001).

### B. LAW—28 U.S.C. § 2255

Section 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside, or corrected if the court, in the sentencing, violated the Constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced the prisoner beyond the maximum time authorized by law. 28 U.S.C. § 2255(b). A prisoner may not, however, file a "second or successive" motion

3

under Section 2255 unless he obtains "an order from the appropriate court of appeals authorizing the district court to consider the motion." 28 U.S.C. § 2255 ¶ 8. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). Indeed, "[a] district court does not have jurisdiction to address the merits of a second or successive [Section] 2255 … claim until [the court of appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)). "Jurisdiction is a threshold question that a federal court must address before reaching the merits, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied." *Payton v. U.S. Dep't of Agric.*, 337 F.3d 1163, 1167 (10th Cir. 2003) (internal quotation marks omitted).

Although Section 2255 imposes on courts gatekeeping restrictions on "second or successive motions," it does not define what constitutes a "second or successive" motion. Courts have uniformly rejected a literal reading of the phrase. *See, e.g., Vasquez v. Parrott*, 318 F.3d 387, 389–90 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999); *In re Cain*, 137 F.3d 234, 235–36 (5th Cir. 1998) (per curiam). The Supreme Court noted that, as to similar restrictions on Section 2254 petitions, "[t]he new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas practice 'abuse of the writ.'" *Felker v. Turpin*, 518 U.S. 651, 664 (1996). "[T]he purpose of [the] habeas restrictions … [is] 'primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences.'" *Crouch v. Norris*,

4

251 F.3d 720, 724 (8th Cir. 2001) (quoting *In re Cain*, 137 F.3d at 235). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United* States, 210 F.3d 770, 770 (7th Cir. 2000).

**C.  ANALYSIS**

In the instant Section 2255 motion, Defendant seeks a reduction of his sentence based on ineffective assistance of counsel and the allegedly inappropriate application of an enhancement to his sentence. (Doc. # 88 at 3.) In response, the Government argues that the motion should be dismissed for lack of subject matter jurisdiction because it is an unauthorized second Section 2255 motion. (Doc. # 91 at 1.) The Court agrees with the Government and concludes that it does not have subject matter jurisdiction over Defendant's motion.

In his Reply to the Government's Response, Defendant accurately observes that a "[Section] 2255 motion that is voluntarily withdrawn does not always count as an initial motion."[1] (Doc. # 92 at 3.) (citing *Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999)). Defendant does not, however, note the factors that determine whether a voluntarily withdrawn Section 2255 motion counts as an initial motion. In *Garrett v. United States,* the Seventh Circuit[2] found a Section 2255 motion not to be successive

---

[1] Some courts phrase this proposition in reverse—that a Section 2255 motion filed subsequent to a previous habeas petition is not always considered a successive motion. *See, e.g. Thai v. United States*, 391 F.3d 491, 496 (2nd Cir. 2004) ("…we hold that the most recent petition is not a second or successive petition under AEDPA). While the language differs, the substantive effect is the same: in some instances, a habeas petition filed subsequent to a previous petition is not successive and therefore not barred nor needing certification from the court of appeals. The Court conforms to Defendant's language.

[2] Because there is little in-circuit case law that speaks directly to the issues presented in this case, the Court reviews the cases of other circuits in addition to those of the Tenth Circuit.

5

despite being filed after two voluntarily dismissed Section 2255 motions. 178 F.3d 940 (7th Cir. 1999). There, the first motion was withdrawn after the government mailed its response, but before the petitioner received it and before the district court engaged in substantive review. *Id.* at 941–43. Similarly, the second motion was withdrawn several months after it was filed, but before any response from the government or review by the court occurred. *Id*. The Seventh Circuit concluded that, because no substantive review was done on the previous two motions and they were withdrawn **before** the movant was apprised of the government's position, they did not count as initial motions. *Id.* at 943. In *Haro-Arteaga v. United States*, cited by Defendant, the Tenth Circuit found the reasoning in *Garrett* to be instructive. 199 F.3d at 1197. The movant in this case filed two previous Section 2255 motions but, unlike the movant in *Garrett*, the movant received a response to the second motion from the government prior to withdrawal. *Id.* at 1195. Nevertheless, the Tenth Circuit held that the movant's habeas petition was not successive because "none of the earlier [Section] 2255 motions filed by [the movant] conceded any claim or were decided on the merits or after the district court engaged in substantive review." *Id*. at 1197.

In contrast, a voluntarily dismissed motion counted as a prior motion when the petitioner withdrew his motion after he received a strongly-argued response brief from the government and realized the motion was doomed. *Potts*, 210 F.3d at 770–71. In *Potts*, the Seventh Circuit held that the "[petitioner] appear[ed] to have realized ... that in light of the government's brief in opposition, the motion was doomed." *Id.* "He had his opportunity to receive a decision on the merits [and] flinched, seeing the handwriting

6

on the wall." *Id.* Similarly, in *Felder v. McVicar*, the Seventh Circuit held that a Section 2255 petition was successive where a prisoner, represented by counsel, voluntarily dismissed his first petition, acknowledging that he could not carry his burden of proof at an evidentiary hearing. 113 F.3d 696 (7th Cir. 1997). The Seventh Circuit reasoned that such petitions must be considered successive because "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Id.* at 698.

Under certain circumstances, however, courts have allowed a movant to file a new Section 2255 motion despite voluntarily withdrawing the first after receiving the government's response and conceding, to some extent, that the petition was doomed. In *Thai v. United States*, the movant withdrew his motion one month after the government filed a detailed letter in opposition. 391 F.3d 491, 496 (2d Cir. 2004). When the district court asked the movant to furnish an explanation for the motion to withdraw, "he conceded that his pleadings contained serious deficiencies." *Id*. The Second Circuit nevertheless found that the first petition did not count for purposes of AEDPA. The court based its decision largely on the fact that, although the movant conceded serious deficiencies in the petition, "the circumstances [(that movant is *pro se* and does not speak English)]… do not provide a clear indication that Thai regarded his initial petition as meritless when he moved to withdraw." *Id.* In its decision, the court also observed that "*pro se* litigants may not fully recognize the consequences of their motions, and courts must be careful not to deny them a meaningful opportunity to apply for [Section]

7

2255 relief." *Id.*; *see also Castro v. United* States, 540 U.S. 375 (2003) (holding that, before a district court recharacterizes a *pro se* litigant's motion as a first Section 2255 motion, the court must warn the litigant of the consequences of that recharacterization and provide him an opportunity to withdraw or amend the motion); *Simon v. United States,* 359 F.3d 139, 139 (2d Cir. 2004) ("[D]istrict courts may not *sua sponte* convert post-conviction motions, putatively brought under some other provision, into motions pursuant to 28 U.S.C. § 2255 without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the motion."). The court concluded that, in light of the movant's *pro se* status, poor English skills, and probable misunderstanding of the implications of withdrawal, the first petition should not count for purposes of AEDPA.

Like the movant in *Thai,* Defendant is appearing *pro se* and does not speak English. In the motion to withdraw, Defendant stated he was "proceeding *pro se* and with the assistance of a bilingual inmate" and that he read the Government's response "with the help of an interpreter[.]" (Doc. # 86 at 1–2.) It also appears that Defendant possibly did not fully understand the implications of withdrawing his first Section 2255 motion. For example, in the request for withdrawal, Defendant stated, "[i]t is the defendant's wish to have his right to an appeal under § 2255 preserve [sic.] for a better issue that applies to defendant." (*Id.* at 2.)

However, in contrast to *Thai*, it is clear based on the text of the withdrawal that Defendant **had** drawn a conclusion about the ultimate viability of his claims based on the Government's Response. Indeed, Defendant stated in the withdrawal that he "read

8

the Government's Response … and has become convinced that in fact the *Johnson* decision does not apply to his case." (Doc. # 86 at 2.) Like the movant in *Potts*, Defendant read the Government's Response and, upon "seeing the writing on the wall," wanted to retreat. (Doc. # 86 at 1.) "[I]f a petitioner clearly conceded upon withdrawal… that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive[.]" *Thai*, 391 F.3d at 495. Moreover, although Defendant was proceeding *pro se*, he stated that he was "advice [sic.] by attorney to withdraw his motion[.]" (Doc. # 86 at 2.)

Though his pleadings are entitled to liberal construction, a *pro se* litigant is still bound by the rules of federal procedure. *Abdelsamed*, 13 F. App'x. at 884. Allowing "withdrawal without prejudice in such circumstances would permit petitioners 'to thwart the limitations on the filing of second or successive motions by withdrawing [their] first petition as soon as it [became] evident that the district court [was] going to dismiss on the merits." *Thai*, 391 F.3d 491 at 495 (quoting *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997)). Defendant had an opportunity to receive a decision on the merits, but, upon receiving the Government's Response, realized his motion was doomed and wanted to retreat. *See Potts*, 210 F.3d 770 (holding that movant's previous Section 2255 motion did count when he withdrew the motion after he received the government's response and apparently realized the motion was doomed).

Based on the foregoing, the Court finds that the initial Section 2255 motion "counts" for purposes of the AEDPA, making the instant motion a successive petition by Defendant. *See In re Moore*, No. 17-4001, 2018 WL 2437212, at *3 (6th Cir. May 30,

2018) (finding that petitioner's voluntarily withdrawn Section 2255 motion counted as a prior motion because the withdrawal was driven by petitioner's recognition of the substantive futility of the earlier motion). Because the instant motion is a successive or secondary motion for habeas relief under Section 2255 and Defendant did not receive authorization to file a second motion as required by Section 2255(h), the Court lacks subject-matter jurisdiction. *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

### III. TRANSFER

**A. LAW**

A district court does not have jurisdiction to address the merits of a second or successive Section 2255 claim until the appropriate court of appeals has granted the required authorization. *Nelson*, 465 F.3d at 1148. In *Coleman v. United States*, the Tenth Circuit held that when a second or successive petition for habeas corpus relief under Section 2255 is filed in the district court without the required authorization, "the district court should transfer the petition or motion to [the circuit court] in the interest of justice pursuant to § 1631." 106 F.3d 339, 341 (10th Cir. 1997).

The statement that district courts "should" transfer an unauthorized successive claim in the interest of justice did not create a mandatory transfer rule. *Cline*, 531 F.3d at 1252. "The district court may transfer the matter to the circuit court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id*. Factors relevant to the interest-of-justice determination include "whether the claims would be time barred if filed anew in the proper forum,

whether the claims alleged are likely to have merit and whether the claims were filed in good faith or if … it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251.

**B.  ANALYSIS**

In this case, the motion fails on its face to fit within either of the two exceptions for successive petitions. *See* 28 U.S.C. § 2255(h) (requiring a successive motion to be certified to contain (1) newly discovered evidence or (2) a new and retroactive rule of constitutional law articulated by the Supreme Court.) Moreover, the Court entered judgment in the case on January 8, 2016 (Doc. # 71), which became the final judgment on January 22, 2016, when the time to file a direct appeal expired. *United States v. McGaughy*, 670 F.3d 1149, 1152 n.1 (10th Cir. 2012) (finding that petitioner's judgment became final when the time for direct appeal expired). Therefore the present motion, filed on January 8, 2018, is well beyond the one year period allowed under Section 2255(f)(1).[3] *See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under [Section 2255] … running from … the date judgment is final").

Based on the foregoing, the Court finds the present motion to be meritless and accordingly exercises its discretion to decline to transfer the case. *See Cline*, 531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in

---

[3] Based on Defendant's present motion, Sections 2255(f)(2)–(4) are inapplicable. Therefore the Court calculated the limitation period based on 2255(f)(1).

11

the interest of justice to transfer the matter to the [circuit court] for authorization); *see also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Correct Sentence under 28 U.S.C. § 2255. (Doc. # 88.)

DATED: July 23, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge